SENECA N. TAYLOR, Plaintiff in Error, *v.* RUFUS S. PEARSON, Defendant in Error.

### January 31, 1876.

When part of an answer is stricken out, and enough remains to constitute a substantial defense, the plaintiff cannot have judgment for want of an answer, because the defendant fails to file a new pleading.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*Taylor & Whitney*, for plaintiff in error.

*Forrist & Dickson*, for defendant in error.

LEWIS, J., delivered the opinion of the court.

This was a suit on a promissory note. Plaintiff moved to strike out a part of the answer, and his motion was sustained. No new pleading being filed by defendant, the plaintiff moved for judgment as for want of an answer. This motion was overruled. When the case was called for trial, plaintiff informed the court that he stood upon his motion for judgment, and refused further to proceed. He was thereupon nonsuited, and, after an unsuccessful motion to set aside, appealed to the general term, where the judgment was affirmed.

The answer, after the striking out of the objectionable lines, contained a complete, substantial defense to the action. Plaintiff in error insists that, under section 29, on page 1019, Wagner's Statutes, the defendant was bound, nevertheless, to file a new pleading. We do not so interpret

the law.   The section reads as follows : " When a petition, answer, or reply shall be adjudged insufficient, in the whole or in part, upon demurrer, or the whole or some part thereof be stricken out on motion, the proper party may file a further like pleading within such time as the court shall direct ; and, in default thereof, the court shall proceed with the cause in the same manner as if no such original pleading had been filed."

The provision for filing a further pleading is permissive merely.   If the party elect to do so, he must file it within the time prescribed by the court ; otherwise, the consequences will follow as stated.

If the whole answer be adjudged insufficient, or stricken out on motion, the defendant will have no pleading left, and must either elect to file another or give up his cause.   If so much be adjudged insufficient, or stricken out, that no defense appears in what remains, he will be in the same predicament.   But if, after the judgment of partial insufficiency, or the striking out, there yet remains a substantial defense, he may well elect to stand upon that.   It is still before the court, unaffected by the ruling, and we do not see by what right the court can either disregard it or require the defendant to copy and refile it, word for word, as it already stands.

The rule of the Circuit Court to which our attention is called might be considered if the motion to strike out had been overruled, or if leave had been taken to amend. But, as neither event occurred here, we cannot perceive the application of the rule.   The other judges concurring, the judgment must be affirmed.